UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:  CASE NO.: 6:18-bk-02137-ABB
Chapter 13

RAHEEM PONTIFLET,

    Debtor.
_____/

**MOTION TO PRESERVE *IN REM* JURISDICTION AND**
**REIMPOSE AUTOMATIC STAY**

COMES NOW the Debtor, Raheem Pontiflet, by and through the undersigned counsel and pursuant to § 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") requests the Court exercise its equitable powers under 11 U.S.C. § 105 to preserve its *in rem* jurisdiction over the estate, and order a hearing determining whether the Court will reimpose the automatic stay against Creditors under 11 U.S.C. § 105, and as grounds states as follows:

1. The present matter is Debtor's second bankruptcy case, with the former case being dismissed within the last year.

2. Upon filing of Debtor's second bankruptcy case, a 30-day automatic stay was imposed pursuant to 11 U.S.C. § 362(c)(3).

3. Due to inadvertence of counsel, a motion for continuation, notice and hearing on the motion to extend the automatic stay were not completed within the 30-day automatic stay period.

4. Bankruptcy Courts of the Eleventh Circuit have the broad ability to grant use of their equitable powers to override stay termination under 11 U.S.C. § 105(a) where "necessary or appropriate" and not in conflict with the statutory provisions of the Bankruptcy

Code. *McGee v. Green Tree Serv., LLC* (*In re McGee*), Nos. BK 06-70486-CMS-13, AP 07-70014-CMS, 2007 Bankr. LEXIS 1367, 9-10 (Bankr. N.D. Ala. Apr. 17, 2007). *But see In re Martinez*, 515 B.R. 383, 386 (Bankr. S.D. Fla. 2014) ("Using §105(a) to extend the clear statutory deadline or to impose a different yet identical stay, would provide relief directly contrary to the clear text of § 362(c)(3)(A) and § 362(c)(3)(B).")

5. While the Court has in decades past espoused that "there is no statutory authority whatsoever in the Bankruptcy Code to reinstate an automatic stay once the stay has been lifted," *In re Terramar Mining Corp.*, 70 B.R. 875, 877 (Bankr. M.D. Fla. 1987), the Court has nevertheless concluded that the Court may "on properly filed complaint for injunctive relief pursuant to § 105 of the Bankruptcy Code, grant injunctive relief in an extraordinary situation". *Id.*

6. A party seeking to reimpose a lapsed stay is generally required to meet standards for injunctive relief. *In re Flynn*, 582 B.R. 25, 30-31 (B.A.P. 1st Cir. 2018).

7. Standards for injunctive relief are 1. Substantial likelihood of success on the merits, 2. Irreparable injury will be suffered unless the injunction issues, 3. The threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and 4. If issued, the injunction would not be adverse to the public interest. *Henkel v. Lickman* (*In re Lickman*), 286 B.R. 821, 828 (Bankr. M.D. Fla. 2002), quoting *McDonalds Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

8. While it has been asserted that an adversary hearing is required for injunctive relief under these circumstances, See *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, No. 5:03-cv-354-Oc-10GRJ, 2006 U.S. Dist. LEXIS 68644, 98 A.F.T.R.2d (RIA) 6905 (M.D. Fla. Sep. 25, 2006) at 19 n.35, Eleventh Circuit courts have considered the re-imposition of the

automatic stay without acknowledging any requirement of adversarial proceeding under 11 U.S.C. § 105. In *In re Radson*, 462 B.R. 911 (Bankr. S.D. Fla. 2011) the court observed that § 105 might be properly used to override stay termination where the factors weighed were 1. The filing by the debtor was in good faith, 2. There was a lack of objection by creditors, and 3. Whether the inability to obtain a hearing date within the thirty day time frame was caused by the inadvertence of counsel. *Radson*, 462 B.R. 911 at 913, *quoting In re Franzese*, 2007 Bankr. LEXIS 2490, 5-6 (Bankr. S.D. Fla. July 19, 2007). *See also In re Whitaker*, 341 B.R. 336 (Bankr. S.D. Ga. 2006) (Reimposing automatic stay where § 362(c)(3)(B) motion was not filed within time limits due to "inadvertence of counsel" and terminated, where balance of hardship weighed in debtor's favor.) *But see In re Martinez*, 515 B.R. 383, 386 (Bankr. S.D. Fla. 2014) (Rejecting equitability argument for reinstatement in *Franzese* and *Radson* for lack of authority.)

9. A request to reimpose stay for the purpose of preserving a court's *in rem* jurisdiction over the debtor and his property may be asserted under 11 U.S.C. § 105, but without instituting adversary proceedings under Fed.R.Bankr.P, 7001(7), as it is not an assertion of a right as a matter of substantive law, but rather an attempt to protect the bankruptcy estate through the court's *in rem* jurisdiction to administer the property of the estate for the benefit of the estate's creditors. *In re Reed*, 370 B.R. 414, 416-18 (Bankr. N.D. Ga. 2006). The court observed that proceeding via motion rather than adversary proceeding furthers the purpose of protecting the court's *in rem* jurisdiction by allowing for efficient administration of the case for the benefit of all interested parties. *Id*. at 417. Under these circumstances, the evidentiary standard required to be met is that under 11 U.S.C. § 362(c)(3)(c), clear and convincing evidence of good faith. *Id*. at 418.

10. Debtor's filing of the present, second case was in good faith. Debtor's case does not meet any of the circumstances under 11 U.S.C. §362(c)(3)(c) which indicate that a case is presumptively not in good faith.

11. In particular, under 11 U.S.C. §362(c)(3)(c)(i)(III), Debtor's financial affairs have substantially changed since his only other case was filed, such that there is good reason to conclude that his present case will be concluded with a confirmed plan that will be fully performed. Debtor has, since his first filing, achieved more stability and success with the business he had only just started at the time of his first filing. Further, Debtor's counsel was able to arrange a more manageable payment schedule for Debtor such that his ability to complete his plan is markedly improved. Debtor has agreed to wage deduction in order to further demonstrate his good will in completing the plan for the present case.

12. It was through the inadvertence of Debtor's counsel that Debtor was not able to obtain a hearing for an extension of the automatic stay within the prescribed time limit under 11 U.S.C. §362(c)(3).

13. Debtor thus meets the factors analyzed by the courts in *Radson* and *Franzese* weighing in favor of overriding stay termination.

14. Debtor also meets traditional requirements for equitable relief. Debtor has a substantial likelihood of success on merits, which in bankruptcy cases is understood to mean a substantial likelihood of a successful plan of reorganization. *Sudbury, Inc. v. Escott*, 140 B.R. 461, 466 (Bankr. N.D. Ohio 1992). This is shown by Debtor's markedly increased probability of success due to his increased financial stability and dedication to the plan shown by voluntary wage deduction, as discussed in point 11.

15. Irreparable injury will be suffered by the Debtor unless he receives a reimposition of stay against creditors staying them from foreclosure. "[T]ermination of the automatic stay on the 30th day of the second case could subject the bankruptcy estate to irreparable injury" *Radson*, 462 B.R. at 913. Debtor's sole purpose in commencing this proceeding was to bring his mortgage current by paying the arrears in his proposed Chapter 13 plan. Without stay relief, Debtor will be unable to preserve his homestead by restructuring the mortgage debt.

16. No harm would be done to the creditor by the reimposition of a stay through the Court's equitable powers. The Debtor's plan proposes to pay in full the total amount of arrears owed to the mortgage lender. Thus, the mortgage lender would be made whole by completion of this plan. Moreover, it is not apparent how the mortgage lender obtains any benefit from stay relief: the mortgage debt significantly exceeds the fair market value of the property. See Schedule D, Debtor's Petition. If the stay is extended, the mortgage lender, and all other creditors, would be in the same position they have been for the past month, and would in all likelihood have continued to be in, had Debtor's counsel acted in a timely manner with regards to obtaining a hearing. In the event the plan is not confirmed by this Court, the mortgage lender will receive payment of the full amount of the monthly mortgage payment that Debtor is currently rendering to the trustee.

17. An injunction under these circumstances would not be adverse to public interest, but the public interest requirement is generally considered to only be applicable to a debtor performing quasi-governmental services or services widely affecting public interest. *In re R. S. Pinellas Motel P'ship*, 2 B.R. 113 (Bankr. M.D. Fla. 1979). Debtor is not such a person.

18. Debtor thus meets all requirements recognized by the courts in *Radson* and *Franzese* for reimposition of a stay against Debtor's creditors so that Debtor can work towards completing his plan, and meets the standard set forth by the court in *Reed* for the Debtor to seek through motion, and not through adversary proceeding, under the Court through 11 U.S.C § 105(a) in protecting the Debtor's estate through the Court's *in rem* jurisdiction.

**WHEREFORE**, Debtor respectfully requests that this Court exercise its equitable powers under 11 U.S.C. § 105 to preserve its *in rem* jurisdiction over the estate, order a hearing determining whether the Court will grant reimposition of a stay against Creditors under 11 U.S.C. § 105, and such other relief as the Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served via U.S. First Class Mail or electronic transmission to: Raheem Pontiflet, 3756 Dartford Drive, Davenport, FL 33837; BSI Financial Services, c/o Ghidotti Berger, LLP, 3050 Biscayne Blvd., Suite 402, Miami, FL 33137;and Laurie K. Weatherford, Chapter 13 Trustee (via electronic transmission), this 14th day of June, 2018.

/s/Jeffrey S. Badgley
JEFFREY S. BADGLEY
Florida Bar No.: 0599417
Badgley Law Group
801 N. Magnolia Ave., Suite 107
Orlando, FL 32803
Tel: (407) 781-0420
Fax: (407) 781-0706
Attorney for Debtor(s)
jbadgley@Badgleylawgroup.com